Burket, J.
Section 2740, Revised Statutes, was then as follows:
“Every person who shall own or have in his possession or subject to his control any personal property within this state, with authority to sell the same, which shall have been purchased either in or out of this state, with a view to being sold at an advanced price or profit, or which shall have been consigned to him from any place out of this state for the purpose of being sold at any place within this state, shall be held tobe a merchant; and when he shall be by this chapter required to make out and deliver to the assessor a statement of his other personal property, he shall state the value of such property appertaining to his business a.s a merchant; and in estimating- the value thereof he shall *164 take as the criterion the average value of all such articles of personal property which he shall have had from time to time in his possession or under his control during the year next previous to the time of making such statement, if so long he shall have been engaged in business, and if not, then during such time as he shall have been so engaged; and the average shall be made up by taking the amount in value on hand, as nearly as may be, in each month of the next preceding year in which the person making such statement shall have been engaged in business, adding- together such amounts and dividing the aggregate amount thereof by the number of months that the person making the statement may have been in business during the preceding year; provided, that no consignee shall be required to list for taxation the value of any property, the product of this state, which shall have been consigned to him for sale or otherwise, from any place within the state, nor the value of any property consigned to him from any other place for the sole purpose of being stored or forwarded; provided, he shall, in either case, have no interest in such property, or any profit to be derived from its sale.”
• Defendants in error claim that their business as shown in the finding- of facts does not constitute them “merchants” as that term is defined in said section 2740. The plaintiffs in error claim that defendants in error are merchants within the meaning of that section, and this is the principal controversy in this case. It is, however, claimed by plaintiffs in error, that as the record stands, this point cannot be determined by the courts, for the reason that as the board showed by its record that it added the $12,000 to the return of the do *165 fendants in error upon statements made by said defendants in error, and by other evidence brought before the board, and that the board found that the said return was that much below the actual value of the property that should have been returned in said item 10, the said record is conclusive, and that the courts cannot go behind that record and determine whether said addition was made legally or illegally, and that, therefore, the defendants in error have no standing in court to have the question as to whether they were merchants or not judicially determined.
That taxing officers and boards are not courts, and do not exercise judicial powers as courts, and that their actions are not judgments, seems so well settled since the case of Musser, Auditor, v. Adair, 55 Ohio St., 466, that nothing more need be said on that question here.
The valuation placed upon property by a taxing officer or board within the scope of authority conferred by law, when made in good faith, will be held and regarded by’ courts as conclusive of the value, unless it should appear that there was some gross mistake to the prejudice of the taxpayer. But when the complaint is not as to the valuation, but goes. to the extent of claiming that under the statute the taxpayer is notliable to be taxed at all, under the peculiar circumstances of the case, that is that the tax is illegal, then the determination of the taxing officers and boards is only prima facie, and under section 5848, Revised Statutes, full jurisdiction is conferred upon the courts of common pleas and superior courts to enjoin such tax as illegal. All taxes and assessments in this state are levied and assessed by officers and boards subject to the test of legality by the courts, and when *166 found illegal they will be enjoined. The legal effect of this statute is to protect the rights of the citizens in every case, as completely as if the right of appeal should be given from the taxing officers to the courts direct. The right of the citizen to test the legality of a tax or assessment under section 5848, cannot be taken away by any record that can be made by a taxing officer or board. The right is given to all to have the final test as to the legality in the courts, no matter what record may have been made by the taxing officers and boards. When the power to tax in any'particular case is challenged, the citizen has the right to be heard in court as to the legality of the tax, but when the power to tax is conceded, and the complaint is only as to the valuation, a valuation made in good faith and according to the best judgment of the taxing officer, will not be disturbed by the courts in the absence of gross mistake.
Again, in the case of Gager v. Prout, 48 Ohio St., 89, this court held as follows: “Proceedings had before a board of equalization cannot be pleaded as an adjudication in bar of proceedings before a county auditor for the correction of returns under the provisions of sections 2781 and 2782, Revised Statutes.”
As the proceedings evidenced by the record of the board of equalization are not conclusive as against proceedings by the county auditor for the correction of returns as to the same property, they cannot f>e conclusive as to proceedings in court for the correction of such returns by injunction under section 5848, Revised Statutes, because it is well settled in this state that the proceeding's of a county auditor are not final, but may be inquired into in an action for an injunction under said lqc *167 tion 5848, and it would indeed be strange if the result of the proceedings of the board of equalization could be overhauled by the county auditor under sections 2781 and 2782, and then his proceedings could be overhauled by the courts under section 5848, but that the proceedings of the board of equalization when attempted to be inquired into by the courts under the same section, would be found to be conclusive. Such inconsistencies and contradictions cannot be tolerated. The proceedings and record of a board of equalization, and the proceedings and record of a county auditor under sections 2781' and 2782, stand upon the same footing, and neither is conclusive when challenged in a proceeding under section 5848. In such proceedings under section 5848 the record of the board of equalization is only prima facie, and upon the trial in court the burden is upon the plaintiff to show by evidence that the tax in question is illegal, and the defendants may show by their evidence that it is legal, and the issue thus made must be decided by the court upon the weight of the evidence as thus introduced by the parties, the record of the board being regarded as prima facie, but not in any sense conclusive. This results from a proper construction of our taxing and procedure statutes, and finds some support in the case of Fratz v. Mueller, 35 Ohio St., 397.
It therefore follows that the record of the board in this case does not conclude the defendants in error, and this brings us to the question as to whether or not they were merchants within the meaning of said section 2740. It is clear that the defendants in error did not own the live stock, and that the same was not in their possession, because it was owned by the shippers, and *168 was in the possession of the stock yards company.
Had the defendants in error such control of the live stock as to make them merchants under said section? We think not. When the owners accompanied the stock it went to the stock yards before defendants in error knew of its existence. When the owners did not accompany the stock, it was shipped and consigned by them to the stock yards company, care of defendants in error, and they were notified by letter or wire, and the stock upon arrival was taken in charge at once by the stock yards company without any order from, or control of, defendants in error. The stock being thus in the possession of the company in its yards, whether accompanied by the owners or shipped and consigned by them, the defendants in error had the naked power of sale for the owners as their agents, and to that end had “access to the stock at all times by asking the employes of the stock yards to unlock the gates which are kept locked to prevent the escape of the stock.” This access was only for the purpose of making sales, and not for any general control. Purchasers would necessarily desire to see and inspect the stock before purchasing, and such access was a necessary part of the sale, and was not a control of the stock within the meaning of the statute; After a sale was made the defendants in error would give an order to the purchaser, and upon presentation of such order, the company would deliver the stock to such purchaser. The order was a part of the sale, and not a control of the stock, and was given only after a sale was made; and what the company did in honoring- the order was done for the purchaser, and not for the brokers. The payment of charges for feeding, watering and *169 ■yarding, and the retaining of commissions, were all after the stock had been sold and disposed of, and did not appertain to the control of the stock. In fact the court finds that “at no time did plaintiffs have any control of said stock while in the possession of the stock yards company.’'
Again, to bring the defendants in error within the statutory definition of a merchant, it should appear either that they purchased the live stock, or that it was consigned to them. All concede that they did not purchase it, and the finding of facts shows that none of it was consigned to them. The consigmments were to the stock yards company, care of defendants in error. Such a consignment is to the stock yards company, and not to the brokers. The finding of facts shows that in due course of business under such a consignment, the live stock went direct to the company’s yards independent of any order or control from defendants in error, and that such a consignment was regarded and treated by all as a consignment to the stock yards company alone, and we think that in legal effect such was its character.
With these holdings it follows that the defendants in error were not merchants, and that they were not liable to be taxed as such, and that the tax as to the $12,000 addition to the returns, was illegal. Having arrived at this conclusion, the question as to the constitutionality of section 2740 is immaterial, and we therefore express no opinion upon it.

Judgment affirmed.